UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:14-CR-0090 |
| | § | |
| ROBERT GEORGE ARWADY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendant Robert Arwady has filed a Motion to Reconsider this Court's Denial of
Defendant's Motion to Suppress.  (Doc. No. 99.)  Defendant asks this Court to suppress items
seized in the execution of two search warrants issued by Magistrate Judge Calvin Botley.  ATF
Special Agent Tommy Ho prepared the affidavit on which the search warrants were based.
Defendant makes three main arguments: (1) that Mr. Ho's affidavit was insufficient on its face to
establish probable cause that a crime had been or was being committed; (2) that Mr. Ho
concealed material evidence from Judge Botley, which misled Judge Botley to issue warrants to
search Defendant's residence and business; and (3) that the search warrants did not particularly
describe the evidence to be seized.  Mot. To Reconsider 16.  After considering the submissions
of the parties and the applicable law, the Court **DENIES** Defendant's Motion to Reconsider.

## I.    SUFFICIENCY OF THE AFFIDAVIT

First, Mr. Ho's affidavit was sufficient to establish probable cause that a crime had been
or was being committed at both Defendant's residence and place of business.  The affidavit
stated that Defendant's business, Ammo Dump, Inc., advertised itself as a Federal Firearms
Licensee on the website GunsAmerica.com even after its license was revoked in 2007.  Ho Aff.

1

4, 7 (Doc. No. 38-3). It stated that the number of firearms listed for sale by Ammo Dump on GunsAmerica.com increased between June and July of 2009. *Id.* at 9. Furthermore, it stated that on Ammo Dump's website, www.ammodump.com, the following message was posted: "We carry a full range of firearms, accessories, and special order items. At this time, we currently offer such a large variety of inventory and selections changes daily [sic], that we are unable to list all we have to offer. Please contact us during business hours . . . about any inquiries." *Id.* at 10. The affidavit established probable cause to believe that Defendant was engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. 922(a).

The affidavit also stated Mr. Ho's reasons for believing that Defendant was keeping part of his firearm inventory at his residence. Some of the firearms advertised for sale by the Ammo Dump in 2008 and 2009 had been reported lost from the business premises in 2005. *Id.* at 11. Defendant had admitted, five years earlier, that part of his firearms inventory was stored at his residence. *Id.* The affidavit was not "the barest of a bare bones affidavit," as Defendant argues. Mot. to Reconsider 2. Although this Court may have reached a different conclusion than Judge Botley with respect to the search warrant for Defendant's residence, courts do not review the sufficiency of an affidavit *de novo.* Given the deference this Court owes to Judge Botley's determination of probable cause, *see United States v. McKeever*, 5 F.3d 863, 865 (5th Cir. 1993), this Court must again uphold Judge Botley's decision.

## II.   OMISSION OF EVIDENCE

The evidence that Mr. Ho left out of his affidavit was not material to Judge Botley's finding of probable cause. Four days before the affidavit was submitted, an undercover ATF agent went to Defendant's store and made contact with Defendant. Mot. To Reconsider 17. The agent attempted to purchase a firearm, unsuccessfully. *Id.* Mr. Ho did not include the

2

undercover officer's activities in his affidavit; he testified at the Motion to Suppress hearing that the affidavit was already drafted and, at that point in time, he "was preparing for the search warrant operation." Mot. Hearing Tr. 97 (Feb. 17, 2015). Although the undercover officer's activities could not help to establish probable cause for the search warrants, they also did not shed exculpatory light on the online advertisements and listings which provided the basis for the search warrants. Their inclusion in the affidavit would not have rendered the affidavit insufficient to support a finding of probable cause. *See United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991).

## III.   PARTICULARITY REQUIREMENT

This Court finds that the search warrants did, in fact, particularly describe the places to be searched and the evidence to be seized. Even if the warrants were not sufficiently particular, however, Defendant has not alleged or established "that no reasonable officer should have relied on the validity of the warrant," and thus "that the good-faith exception to the exclusionary rule should not be applied." *United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010).

For the foregoing reasons, Defendant's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** on this the *15th* day of September, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3